Vorfi v. Sessions

BIA
Nelson, IJ
A205 046 574 / 575 / 576 / 577

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand seventeen.

PRESENT:
>
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

ZEF VORFI, AKA GEORGIO MOUSAILIDIS, MARINGLESTA HASHSYA, AKA CHRISTINA PECHLIVANDI, EMELI VORFI, AKA MARIA DIMITRA MOUSAILIDIS, ELVIN VORFI, AKA IOANNIS APAZIDIS,
>
> *Petitioners,*

v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
>
> *Respondent.*

15-4183
NAC

_____

**FOR PETITIONERS:** Sokol Braha, New York, NY.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Stephen J. Flynn, Assistant Director, Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Zef Vorfi ("Vorfi"), his wife Maringlesta Hashysa, and their minor children Elvin and Emili Vorfi, all citizens of Albania, seek review of a December 17, 2015, decision of the BIA affirming a April 20, 2015, decision of an Immigration Judge ("IJ") denying Vorfi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zef Vorfi*, *et al.*, No. A205 046 574/575/576/577 (B.I.A. Dec. 17, 2015), *aff'g* No. A205 046 574/575/576/577 (Immig. Ct. N.Y. City Apr. 20, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established.

2

*See* 8 U.S.C. § 1252(b)(4); *Gjolaj v. Bureau of Citizenship and Immigration Servs.*, 468 F.3d 140, 142 (2d Cir. 2006). Vorfi applied for relief based on his fear of harm because he is Catholic and because he claims to be the victim of a blood feud. He alleges that his Muslim father-in-law threatened him, and that he feared that the father-in-law would harm him both in Albania (where he lived until 2001) and Greece (where he lived from 2001 to 2010).

Vorfi had the burden to show that he feared future persecution by the Albanian or Greek government or "at the hands of an organization or person from which the government cannot or will not protect [him]." *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (internal quotation marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). Substantial evidence supported the agency's finding that Vorfi failed to meet this burden.

Vorfi argues that his father-in-law has ties with the Albanian government and was released from custody after stabbing a man. But Vorfi testified that his father-in-law was in fact arrested for the crime, was incarcerated, and afterwards had to leave Albania. He also testified that he never reported his father-in-law's threats to the authorities, which subverts

his claim that the Greek and Albanian governments were unwilling to protect him. Finally, even assuming that Vorfi's situation involved a blood feud, the background materials presented by Vorfi show that the Albanian government was working to end blood feuds. None of Vorfi's evidence demonstrated that the Greek or Albanian governments would not or could not protect him from his father-in-law, and "when a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

Vorfi next argues that he could have presented additional evidence in support of his asylum claim, and that the IJ's failure to request that evidence (and the BIA's subsequent failure to remand the case to allow him to present it) demonstrates bad faith. "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen," meaning that the BIA is afforded "broad discretion." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). We find no abuse of discretion in the BIA's decision not to remand. *See id.*

(reviewing denial of a motion to remand for abuse of discretion).

The BIA's decision was not, as Vorfi claims, devoid of reasoning. Remand was denied because Vorfi did not demonstrate that his newly submitted evidence was previously unavailable and because the evidence would not have changed the result—-and either reason is sufficient. Vorfi contends that the evidence was somehow unavailable during the proceeding before the IJ because the IJ asked for other documents, but then faulted him for not calling his wife to testify or presenting the evidence he supplied with his motion to remand. Vorfi's apparent argument is that he could have produced the additional evidence if only the IJ had asked. But "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009). Moreover, the IJ asked if Vorfi's wife would testify, but Vorfi's counsel declined. Accordingly, the IJ's actions did not render Vorfi's evidence unavailable, and the BIA's decision was within its discretion.

Nor did the BIA abuse its discretion in determining that Vorfi's additional evidence would not have changed the result. Vorfi's new evidence consisted of statements from his wife, his

wife's mother and brother, and his own brother, as well as materials showing racism against Albanians in Greece. The materials echo Vorfi's testimony, but do not show that the Albanian authorities were aware of Vorfi's situation, or that they failed to arrest Vorfi's father-in-law the last time he stabbed a man. Nor do the materials establish that the Greek authorities were aware of Vorfi's situation, or that they would be unwilling or unable to protect Vorfi if they knew. The conclusion--that Vorfi failed to meet his burden of demonstrating that the Albanian or Greek governments were unwilling or unable to protect him--would therefore have remained the same even with the new evidence. Accordingly, the BIA did not abuse its discretion in denying Vorfi's motion to remand. *Li Yong Cao*, 421 F.3d at 156.

Finally, Vorfi claims that the BIA acted in bad faith by declining to rule on all of his arguments, but the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

6

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk